UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES ANTHONY LYONS** | **CIV. ACTION NO. 3:22-01334** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RIVER BEND DETENTION CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to prosecute [doc. # 40] filed by Defendants, Wydette Williams, Warden Johnny Hedgemon, Officer Taylor, and Officer Rentals (collectively, "Defendants"). The motion is unopposed. For reasons assigned below, it is recommended that the motion to dismiss be GRANTED.

**Background**

On January 10, 2024, the court issued an order allotting Plaintiff James Lyons ("Lyons") until February 12, 2024, to either enroll new counsel or file written notice with the court indicating that he intended to represent himself, *pro se*. [doc. # 38]. When the foregoing deadline lapsed without any response from Lyons, the undersigned issued an order requiring Lyons to show cause by March 21, 2024, why he should not be sanctioned for failure to comply with the court's January 10, 2024 Order. (Show Cause Order [doc. # 39]).[1] Within that same deadline, the court *again* ordered Lyons to enroll new counsel, or to file a written statement with the court indicating that he intended to represent himself, *pro se*. *Id*.

---

[1] The court noted that potential sanctions included dismissal of the case. *Id*.

When the foregoing deadline again passed with no response from Lyons, Defendants filed the instant motion to dismiss for failure to prosecute on April 4, 2024. Lyons did not file a response to the motion and the time to do so has passed. *See* Notice of Motion Setting [doc. # 41]. Accordingly, the motion is deemed unopposed. *Id*.

## **Analysis**

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff . . . and not [his or her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. At this stage, the court is compelled to find that Defendants have suffered cognizable prejudice in presenting their defense in light of Lyons' persistent and intransigent unwillingness to heed discovery obligations and the associated orders of the court. Also figuring prominently in the court's analysis is the fact that Lyons has not bothered to respond to Defendants' motion or otherwise attempted to explain his complete failure to prosecute the case. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that he no

longer wishes to pursue his cause of action.[2]  Finally, Lyons' unrepentant flaunting of court orders[3] reflects his own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to him as a litigant unrepresented by counsel.[5]

Accordingly, the undersigned is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Defendants' motion to dismiss for failure to prosecute [doc. # 40] be GRANTED and that Plaintiff James Anthony Lyons' complaint be DISMISSED, with prejudice, in its entirety.  FED. R. CIV. P. 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

---

[2]  Certainly, if Lyons disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

[3]  This report and recommendation itself provides Lyons with further notice of his non-compliance.

[4]  *See Millan, supra*.

[5]  While the court is aware that Lyons is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 2nd day of May, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE